UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JACOB PAUL SMITH,<br><br>　　　　　　Defendant. | Case No. 4:19-cr-00304-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.　　INTRODUCTION

Pending before the Court is Defendant Jacob Smith's Motion for a Bill of Particulars, (Dkt. 18) and numerous pro se motions filed by Smith (Dkts 27–31, 35–42). Smith seeks an order directing the Government to provide additional documents and specific identifications in regard to the indictment filed in this case. Upon review, and for the reasons set forth below, the Court finds good cause to DENY Smith's Motion for a Bill of Particulars.

## II.　　BACKGROUND

On September 24, 2019, the Government filed an indictment charging Smith with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846; and one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Dkt. 1. On October 30, 2019, Smith filed the pending Motion for a Bill of Particulars. The Government filed its Response on November 14, 2019. Dkt. 24.

### III. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 7(f) reads, in full:

The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).

A bill of particulars should enable a defendant to prepare an adequate defense and to protect against a second prosecution for the same offense. *United States v. Inryco, Inc.*, 642 F.2d 290, 295 (9th Cir. 1981) (citing *Cook v. United States*, 354 F.2d 529, 521 (9th Cir. 1965)). It is designed to appraise the defendant of the specific charges being presented, to minimize danger of surprise at trial, to aid in preparation, and to protect against double jeopardy. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citations omitted). In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been adequately advised of the charges through the indictment and all other disclosures made by the Government. *Id.* (citing *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)). "Full discovery...obviates the need for a bill of particulars." *Giese*, 597 F.2d at 1180 (citing *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973)). "A defendant is not entitled to know all the evidence the government intends to produce but only the theory of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (citing *Giese*, 597 F.2d at 1181). "In the Ninth Circuit the use of a 'bare bones' information—that is one employing the statutory language alone—is quite common and entirely permissible so long as the statute sets forth fully,

directly and clearly all essential elements of the crime to be punished." *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995), (internal quotation marks and citation omitted), as amended (Apr. 19, 1995). The scope and specificity of a bill of particulars rest within the sound discretion of the trial court. *See Long*, 706 F.2d 1044.

## IV.  DISCUSSION

Smith's motion seeks an order directing the Government to provide specific documents, identifications, and other information relating to the allegations in the indictment. The Government responded to the motion, noting that it has provided Smith and his counsel with police reports, audio/video recordings, the transcript of the testimony before the grand jury, and other discovery that describes the facts and circumstances surrounding the charges in the indictment in great detail.

Having reviewed the parties briefing, the superseding indictment, and the record herein, the Court finds the indictment is sufficiently particular to allow Smith to prepare an adequate defense. The indictment cites to the specific statutes that fully, directly, and clearly state all essential elements of the crimes with which Smith is charged. Additionally, the indictment includes the relevant dates and the facts supporting the charges. Moreover, the Government represents, with no dispute from Smith, that it has provided Smith with substantial discovery. The Court finds that the information contained in the indictment and the discovery in this case satisfy Rule 7.

In addition to his Motion for a Bill of Particulars, Smith has filed several motions

without the assistance of his attorney.[1] It is not appropriate for a prisoner to file motions pro se when he is represented by counsel. *US v. Olano,* 62 F.3d 1180, 1193 (9th Cir. 1995); and *Byerly v. Idaho Board of Corrections,* 2019 WL 3848783 (D. Id. 2019)("An accused has the right to represent himself or herself pro se or to be represented by an attorney, but he does not have an absolute right to elect to be represented by counsel and also to represent himself or serve as his own co-counsel."). The Court therefore strikes all pro se motions and directs Smith to refrain from further pro se filings. Court appointed counsel should, after consultation with Smith, file whatever motions are deemed appropriate.

## V.  ORDER

**IT IS HEREBY ORDERED THAT**:

1. Smith's Motion for Bill of Particulars (Dkt. 18) is DENIED.

2. All pro se motions (Dkts. 27–31, 35–42) are hereby stricken without prejudice.

DATED: December 10, 2019

David C. Nye
Chief U.S. District Court Judge

---

[1] Smith filed Dkts. 27–32 when his attorney of record was Matthew Kinghorn. On December 4, 2019, Kinghorn withdrew as attorney of record and the Court subsequently appointed David Parmenter as Smith's new attorney. Smith filed Dkts. 35–42 after Parmenter became his attorney.